[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12050

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL MIZRACHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60079-AMC-1

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Michael Mizrachy appeals from his 96-month sentence, amounting to a 25-month upward variance, for possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). He argues that the district court abused its discretion in imposing a substantively unreasonable sentence. Mizrachy argues that the district court incorrectly viewed his career as a pediatrician as an aggravating factor, and that the district court placed too much emphasis on the severity of the offense which the Guidelines had already considered.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A defendant may preserve an objection to the substantive reasonableness of a sentence by advocating for a shorter sentence before the district court, thereby arguing that a shorter sentence would have been sufficient, and a longer sentence greater than necessary, to comply with statutory purposes of punishment. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020). On substantive reasonableness review, we vacate the sentence only we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). A sentence imposed well below the statutory

maximum penalty is an indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The 18 U.S.C. § 3553(a) factors that the court must weigh include, in relevant part, the nature and circumstances of the offense and the defendant's history and characteristics, the need for the sentence to adequately deter criminal conduct, and the need for the sentence to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (2).

Although the district court must consider the § 3553(a) factors, it is not required to state on the record that it has explicitly considered each of the factors or to discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Instead, an acknowledgment by the district court that it considered the factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Moreover, the weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *Kuhlman*, 711 F.3d at 1327. A district court, however, abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189.

We conclude that the district court did not abuse its discretion. While the district court had discretion to impose a lower sentence, it was reasonable for the district court to find that a 96-month term of imprisonment was sufficient but not greater than

necessary.    The district court stated that it had considered the § 3553(a) factors, and it found that the aggravating factors—including the severity of the offense and that Mizrachy was acutely aware of the vulnerability of children because he was a pediatrician—outweighed the mitigating factors.  Accordingly, we affirm Mizrachy's sentence.

**AFFIRMED.**